## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Julian Villasenor | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. Shellpoint Mortgage Servicing | ) | July Demand Requested |
| 4000 Chemical Road, Suite 400 | ) | |
| Plymouth Meeting, PA 19462 | ) | |
| Defendant | ) | |

### COMPLAINT

Now come Plaintiff, by and through her attorneys, and, for his Complaint alleges as follows:

1. Plaintiff, Julian Villasenor, bring this action to secure redress from unlawful collection practices engaged in by Defendant, Shellpoint Mortgage Servicing, Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e, 1692f

3. The FDCPA prohibits a debt collector to contact a debtor when the debt collector has knowledge and can readily ascertain that the debtor has legal counsel regarding this matter. 15 U.S.C. Section 1692c

### JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

6. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

7. Plaintiff is a residents of the State of Illinois. Defendant ("Shellpoint Mortgage Servicing"), is a Pennsylvania business entity with an address of 4000 Chemical Road, Suite 400, Plymouth Meeting, PA 19462 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

8. Unless otherwise stated herein, the term "Defendant" shall refer to Shellpoint Mortgage Servicing.

9. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

11. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## FACTS APPLICABLE TO ALL COUNTS

12. Plaintiff filed for Chapter 13 Bankruptcy on July 31, 2015.

13. Prior to the Bankruptcy filing, Debtor had a mortgage on a piece of real estate located at 1720 N. Albany Ave., Chicago, IL 60647 that was being serviced by Defendant.

14. Defendant received this mortgage when the Plaintiff was in default to the original mortgage holder, making Defendant a Debt Collector as defined by 11 U.S.C. Section 1692a(6)

15. Plaintiff was properly included in Debtor's Bankruptcy petition and the

United States Bankruptcy clerk sent Plaintiff notice of the Bankrupcy filing.

16. As evidence that Defendant received proper notice of the Bankruptcy filing, it filed a proof of claim on September 8, 2015, (although no Objection). See Exhibit A.

17. Plaintiff's Bankruptcy case was Confirmed by the United States Bankruptcy Court on November 16, 2015.

18. Then, on November 25, 2015, Defendant mailed a collection letter to Plaintiff demanding $63,377.40 "immediately." See Exhibit B.

19. Said letter states that the way to avoid foreclosure activities is to pay the above stated amount "immediately." See Exhibit B.

20. Furthermore, said letter goes on to state "…in order to avoid negative impacts on your credit rating resulting from late payments and to avoid foreclosure, it is mportant that you make the full payment listed above as quickly as possible and continue to make your mortgage payment by the scheduled due date."

21. The language in paragraphs 18, 19, 20 both violates the Automatic Stay under 11 U.S.C. Section 362.

22. In addition, it violates the Confirmation Oder given by the Bankruptcy Court on November 16, 2015.

23. The United States Supreme Court has recently held that a Confirmation Order by a Bankruptcy Court has the effect of a Judgment. *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 176 L.Ed2d 158 (2009)

**FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS**

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

25. Defendant violated 15 U.S.C. Section 1692c by contacting the Plaintiffs, even though it actually knew that the Plaintiffs were retained by an Attorney.

26. Defendant violated 15 U.S.C. Section 1692d by collecting on a debt that it

had no legal right ot collect on.

27. Defendant violated 15 U.S.C. Section 1692e by misleading Plaintiff that he was legally obligated to pay on this.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36, Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of the Plaintiff and against Defendant for:
  (1) Statutory damages;

  (2) Attorney fees, litigation expenses and costs of suit; and

  (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
 jcarlin@changandcarlin.com
 Attorney for Plaintiff